IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRANSPORTATION INSURANCE COMPANY and CONTINENTAL CASUALTY COMPANY<br>    *Plaintiffs*<br><br>    v.<br><br>HEATHLAND HOSPITALITY GROUP, LLC, and HEATHLAND HOSPITALITY, LP<br>    *Defendants* | :  CIVIL ACTION<br>:<br>:<br>:  NO. 15-4525<br>:<br>:<br>:<br>:<br>:<br>: |

NITZA I. QUIÑONES ALEJANDRO, J.                                     DECEMBER 3, 2015

## MEMORANDUM OPINION

### INTRODUCTION

Heathland Hospitality Group, LLC, and Heathland Hospitality Group, LP, (collectively, "Defendants" or "Heathland") filed a *motion* (for this Court) *to decline jurisdiction* over a declaratory judgment action filed by Transportation Insurance Company ("Transportation") and Continental Casualty Company ("Continental") (collectively, "Plaintiffs"). [ECF 9]. Plaintiffs oppose the motion. [ECF 10]. The parties have briefed the issues raised in the motion and these issues are ripe for disposition. For the reasons stated herein, Defendants' motion to decline jurisdiction is denied.

### BACKGROUND

On August 12, 2015, Plaintiffs filed a complaint against Defendants seeking a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, (Count I) and a claim for breach of contract (Count II). [ECF 1]. Plaintiffs filed this declaratory judgment action to have this Court determine the rights and duties between Plaintiffs and Defendants with respect to insurance coverage for the defense and/or indemnification of Defendants in an underlying state

action, at the time, pending in the Court of Common Pleas of Philadelphia County and captioned *Serratore v. Woodbury Country Club*, Nov. Term 2010, No. 1830 (the "Serratore state action").

The Serratore state action was filed in 2010 against Heathland by Judith M. Serratore, in her own right, and as the Administratrix of the Estate of Frank J. Serratore (collectively, "Serratore"). In that action, Serratore alleged that Heathland provided management, training, supervision and other services to and for the Woodbury Country Club, including food and beverage sales and services. (*See* Serratore state action, Comp. ¶7). Serratore further alleged that Heathland, in its management/supervisory role at the Woodbury Country Club, improperly and negligently served, sold, and/or furnished alcohol to Michael Whittingham, who allegedly caused the death of Frank Serratore on November 16, 2008, in a drunk driving accident; a death that was alleged to be a direct result of Heathland's failure to provide appropriate training and/or policies and procedures at the Woodbury Country Club governing the sale and service of alcohol to patrons. (*Id.* at ¶¶16-32). On August 14, 2015, a stipulated judgment was entered in favor of Serratore and against Heathland. [*See* State Court Docket, ECF 10-2].

Plaintiffs in this declaratory judgment action were not parties in the underlying state action. However, Transportation had issued a one-year commercial general liability insurance policy to Heathland commencing on July 18, 2008. Continental had issued a one-year commercial umbrella insurance policy to Heathland for the same period. On November 29, 2010, Transportation and Continental disclaimed coverage under the insurance policies issued to Heathland based on an exclusion provision for liquor liability, professional services, and other terms, conditions, and exclusions. (Comp. ¶¶24, 33-55). Heathland has not sought a declaratory judgment on the coverage issue in any court.

As stated, on August 12, 2015, Plaintiffs commenced this declaratory judgment action against Heathland. On September 1, 2015, Defendants filed the underlying motion to decline jurisdiction in which they argue that this Court should decline to exercise jurisdiction over this declaratory judgment action primarily because a "parallel state law action is pending in the Philadelphia Court of Common Pleas."

**DISCUSSION**

While there is no dispute that this Court possesses jurisdiction over this matter pursuant to 28 U.S.C. § 1332,[1] in the underlying motion, Defendants ask this Court to decline to exercise its discretionary jurisdiction under the Declaratory Judgment Act, premised primarily on their contention that a "parallel state law action is pending in the Philadelphia Court of Common Pleas." As argued by Plaintiffs and discussed below, however, there is no parallel state law action pending in the Philadelphia Court of Common Pleas, nor has there ever been such an action. On this basis alone, the Defendants' motion is subject to being denied. Notwithstanding, consideration of the relevant so-called *Reifer* factors will be analyzed to determine whether they weigh in favor of this Court exercising jurisdiction.

The Declaratory Judgment Act ("DJA") provides, in its pertinent part, that "any court of the United States . . . *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. §2201(a) (emphasis added). As noted by the Supreme Court, the DJA confers discretionary, rather than compulsory, jurisdiction upon federal courts. *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 134 (3d Cir. 2014). "This is an exception to the general rule that 'federal courts have a

---

[1] This Court has diversity jurisdiction over this matter since Plaintiffs maintain their principal places of business in Illinois, Defendants maintain their principal places of business in Pennsylvania and the amount in controversy exceeds $75,000. (Comp. ¶¶8, 10-12).

strict duty to exercise the jurisdiction that is conferred upon them by Congress.'" *Id.* Any determination regarding the propriety of exercising jurisdiction under the DJA is to be made on a case-by-case basis and be "governed by 'considerations of practicality and wise judicial administration.'" *Id.*

In *Reifer*, the Third Circuit Court of Appeals outlined the following set of factors that, to the extent relevant, should be considered by district courts when deciding whether to exercise declaratory jurisdiction:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligations which gave rise to the controversy;
>
> (2) the convenience of the parties;
>
> (3) the public interest in settlement of the uncertainty of obligation;
>
> (4) the availability and relative convenience of other remedies;
>
> (5) a general policy of restraint when the same issues are pending in a state court;
>
> (6) avoidance of duplicative litigation;
>
> (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for *res judicata*; and
>
> (8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

*Id.* at 146.

In *Reifer,* the Third Circuit held that although "the existence or non-existence of pending parallel state proceedings is but one factor for the district court to consider," this factor is deserving of "increased emphasis," and that "the absence of pending parallel state proceedings militates significantly in favor of exercising jurisdiction." *Id.* at 144. Relying upon *Reifer*, district courts have further held that the absence of pending parallel state proceedings creates a presumption in favor of exercising jurisdiction. *See, e.g., Western World Ins. Co. v. Alarcon and*

*Marrone Demolition*, 2015 WL 3622896, at *2 (E.D. Pa. June 9, 2015); *Nationwide Prop. & Cas. Ins. Co. v. Shearer*, 2015 WL 1186008, at *6 (W.D. Pa. Mar. 13, 2015); *Conroy v. Travelers Home and Marine Ins. Co.*, 2015 WL 4633772, at *2 (W.D. Pa. Aug. 3, 2015).

Here, Defendants preface their entire argument on their contention that there exists a parallel state proceeding. However, this argument is flawed. In *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942), the United States Supreme Court described a pending "parallel" proceeding as one "presenting the same issues, not governed by federal law, between the same parties." *Id.* at 495. To constitute a parallel state proceeding, it must permit "all matters in controversy between the parties" to "be fully adjudicated." *Id.*

Instantly, the state proceeding on which Defendants preface their argument, the Serratore state action and the declaratory judgment action meet none of these requirements. First, neither Transportation nor Continental was a party to the Serratore state action. Second, the issues in this declaratory action, *i.e.*, whether Plaintiffs have a duty to defend and/or indemnify Heathland, were not raised in the Serratore state action; nor could these issues have been "fully adjudicated" since the Serratore state action involved different parties, issues, and claims. The only instance in which the issues in the case *sub judice* could be raised in state court is if one of the parties commenced a declaratory judgment action in state court. However, no party has done so. Finally, the Serratore state action is no longer pending since a stipulated judgment was entered on August 14, 2015, two days after this declaratory action was filed. As such, when Defendants filed this motion, there was no pending "parallel state proceeding," as claimed.

As held by the Third Circuit, the absence of a pending parallel state proceeding in this matter "militates significantly in favor of exercising jurisdiction." *Reifer*, 751 F.3d at 144. As such, there is a presumption in favor of exercising declaratory jurisdiction which can only be

5

overcome if outweighed by the other *Reifer* factors. Notably, Defendants provide little, if any, argument as to the application of the other *Reifer* factors. Instead, Defendants focused their argument *solely* on their misplaced contention that a parallel state action exists. Notwithstanding, this Court will consider the *Reifer* factors to ensure these do not outweigh the presumption in favor of exercising declaratory jurisdiction.

First, Defendants do not dispute that a declaration by this Court will resolve the uncertainty of Plaintiffs' obligations to provide for Defendants' defense and/or indemnity. Plaintiffs' complaint in this case rests primarily upon the interpretation and application of various terms and exclusions in the underlying insurance policies, which are legal determinations federal district courts are routinely asked to make. Clearly, a decision by this Court will resolve the coverage dispute. Thus, this factor weighs in favor of this Court retaining jurisdiction.

Second, litigation in this Court will not be any more inconvenient to the parties than litigating this matter in City Hall, the location of the Philadelphia Court of Common Pleas, which is within seven blocks of the federal courthouse. Further, the dismissal of this action in favor of a proceeding in state court would delay, however slight, the resolution of the underlying coverage dispute since any such resolution would require commencement of a new action in state court. As such, this factor weighs in favor of this Court exercising jurisdiction. *See Scottsdale Ins. Co. v. RSE Inc.*, 303 F.R.D. 234, 240 (E.D. Pa. 2014) ("As to the second factor, the parties are already before us, and thus convenience weighs in favor of exercising our jurisdiction.").

As to the third *Reifer* factor – the public interest in settlement of the uncertainty of obligation – is also deemed a neutral factor with respect to the insurance coverage issues in this action. *See id.* at 240 ("As to the third factor, the public interest in settling the uncertainty of Scottsdale's [coverage] obligation weighs neither for nor against a resolution in federal court.");

*Westfield Ins. Co. v. Icon Legacy Custom Modular Homes and Icon Legacy*, 2015 WL 4602262, at *3 (M.D. Pa. July 30, 2015) (same).

The fourth *Reifer* factor – the availability and relative convenience of other remedies – weighs either in favor of this Court's exercise of jurisdiction or is neutral. Though the parties to this litigation could seek the same declaratory relief in state court, to do so now, as stated, would require the commencement of a new action in state court. Because this action already exists, it is arguably more convenient for the parties to litigate their insurance coverage dispute in this federal forum, rather than start anew in state court.

As to the fifth *Reifer* factor, this Court need not exercise a general policy of restraint since the same issues are not pending nor were ever pending in state court. Plaintiffs' obligation to defend and indemnify Defendants is not the same issue as Defendants' liability to the Serratore Plaintiffs in the now-settled state action. *See Scottsdale*, 303 F.R.D. at 240 ("As to this fifth factor, we need not call upon exercising our general policy of restraint here since the same issues are not pending in state court. Scottsdale's obligation to defend and indemnify RSE is not the same issue as RSE's liability to allegedly injured third parties in the underlying state action.").

Similarly, the sixth *Reifer* factor – keeping jurisdiction to avoid duplicative litigation – weighs in favor of this Court exercising jurisdiction since there currently exists no duplicative litigation in state court. As noted, the legal issues at stake in this case are different from the legal issues implicated by the state court litigation – which is no longer pending. Therefore, the absence of duplicative litigation weighs in favor of retaining jurisdiction over this matter. As such, both the fifth and sixth factors weigh in favor of this Court's exercise of jurisdiction.

As to the seventh factor, there does not appear to be any concerns about the use of this declaratory action as a method of procedural fencing or as a means to provide another forum in a race for *res judicata*. This is particularly true since there is no pending parallel state action.

Finally, the eighth *Reifer* factor – inherent conflict of interest between insurer's duty to defend in a state court and its contention that the state court action falls within a policy exclusion – is not implicated here, since Plaintiffs denied coverage and have not provided legal representation to Defendants in the underlying state action, which has now settled. Thus, there is no inherent conflict of interest between Plaintiffs' purported duty to defend Defendants in the state action and Plaintiffs' attempt to characterize the state action as falling within the scope of a policy exclusion.

In summary, after balancing the relevant factors outlined in *Reifer*, this Court finds no reason to decline its discretionary authority to maintain jurisdiction over this matter.

## CONCLUSION

For the reasons stated herein, Defendants' motion to decline jurisdiction is denied. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.